IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 08-0256-WS |
| | ) | |
| TASHA MICHELLE BLACKBURN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the defendant's motion for judgment of acquittal or for new trial. (Doc. 113). The government has filed a response and the defendant a reply, (Docs. 115, 118), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be denied.

**I. Acquittal.**

A motion for judgment of acquittal may be granted only if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In making this determination, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Eckhardt*, 466 F.3d 938, 944 (11th Cir. 2006) (emphasis in original) (internal quotes omitted). Viewing the evidence in the light most favorable to the prosecution requires the Court to "resolve any conflicts in the evidence in favor of the government," *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999), and to "dra[w] all reasonable inferences and credibility choices in the Government's favor." *United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007).

The defendant's unamplified motion states that there was insufficient evidence to

prove that the defendant knowingly and with criminal intent distributed a controlled substance. (Doc. 113, ¶ 2). The defendant was not charged with, or convicted of, a substantive offense. She was charged with, and convicted of, only conspiracy.

The defendant also argues there was insufficient evidence "that a criminal conspiracy was formed." (Doc. 113, ¶ 1). The government presented substantial evidence that a conspiracy was formed and that the object of the conspiracy was to possess with intent to distribute methamphetamine. The evidence was more than sufficient to sustain a conviction on the conspiracy count. Whether the defendant distributed controlled substances as part of this conspiracy, (*id*.), is irrelevant, as the crime is the conspiracy, not the successful accomplishment of its object.

**II. New Trial.**

A motion for new trial may be granted "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision whether to grant or deny such a motion rests in the sound discretion of the trial court. *United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir. 1987).

To the extent the defendant argues that the verdict was against the weight of the evidence, "[m]otions for new trials based on weight of the evidence are not favored[, and] [c]ourts are to grant them sparingly and with caution, doing so only in those really exceptional cases." *United States v. Martinez*, 763 F.2d 1297, 1313 (11th Cir. 1985) (internal quotes omitted). While the trial court "may weigh the evidence and consider the credibility of the witnesses," it is not at liberty to "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Id*. at 1312-13. Rather, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id*. at 1313. Given this standard, a new trial would be inappropriate, and the Court declines to order one.

The defendant also "renews all objections" made to the "admission of certain

testimony." (Doc. 113, ¶ 3). "To challenge a jury verdict on the basis of an erroneous evidentiary ruling by the district court, the challenger must preserve his objection, demonstrate an abuse of discretion by the district court, and show that the error affected his substantial rights." *United States v. Rodriguez*, 259 Fed. App. 270, 275 (11th Cir. 2007). "We will not reverse a defendant's conviction and order a new trial on the basis of an evidentiary error unless that error affected the defendant's substantial rights, which means that the error must have affected the outcome of the proceedings." *United States v. Parker*, 277 Fed. Appx. 952, 958 (11th Cir. 2008). The defendant has not identified the alleged evidentiary errors, much less shown that the rulings were in fact erroneous or that they must have affected the verdict of guilty. New trials cannot be made of such flimsy material.

The defendant devotes most of her attention to the assertion that the prosecutor improperly commented in closing on her failure to testify. (Doc. 113, ¶ 4; Doc. 118). The defendants took the position that the drugs were for personal consumption and not for distribution. In rebuttal, the prosecutor examined the evidence of the amount and cost of the drugs they obtained — over $70,000 in barely three weeks — and questioned how the defendants could fund such purchases if they were not reselling the drugs. Several times she referred to an absence of evidence to show how the defendants could have purchased the drugs without distributing them for money, including an absence of evidence that they had jobs or other sources of income from which to pay for the drugs. The defendant eventually objected, which objection was overruled.

"A prosecutor's statement violates the defendant's right to remain silent if either (1) the statement was manifestly intended to be a comment on the defendant's failure to testify; or (2) the statement was of such a character that a jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *United States v. Thompson*, 422 F.3d 1285, 1299 (11th Cir. 2005) (internal quotes omitted). "The question is not whether the jury possibly or even probably would view the remark in this

manner, but whether the jury necessarily would have done so." *United States v. Blankenship*, 382 F.3d 1110, 1128 (11th Cir. 2004) (internal quotes omitted).

Under this standard, a prosecutor's rhetorical question, "Did you ever hear an explanation for that [the defendant's use of an alias]?" was not necessarily a comment on the defendant's failure to testify, because "there are a variety of ways to explain the use of a phony name." Thus, the comment was properly viewed as a comment on the failure of the defense, and "[i]t is not error to comment on the failure of the defense, as opposed to the defendant, to counter or explain the evidence." *United States v. Knowles*, 66 F.3d 1146, 1163 (11th Cir. 1995) (internal quotes omitted).

This case falls squarely within *Knowles*. The existence of non-drug income with which to pay for over $70,000 worth of drugs could be shown in many ways other than through the defendant's testimony — for example, from an employer's testimony or from pay stubs. Because there are a "variety of ways" the defense could have explained the defendants' financial resources other than testimony of the defendant, the prosecutor's comment could not necessarily have caused the jury to view the remark as a comment on her failure to testify.

For the reasons set forth above, the defendant's motion for judgment of acquittal or for new trial is **denied**.

DONE and ORDERED this 12th day of May, 2009.

                                       s/ WILLIAM H. STEELE
                                       UNITED STATES DISTRICT JUDGE